IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE SHEAFFER,** | : | **CIVIL ACTION NO. 1:05-CV-1899** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **DAWN M. SHUGHART** and | : | |
| **RE/MAX STERLING ASSOCS.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 29th day of December, 2006, upon consideration of defendants' motions for sanctions (Doc. 20) and to compel discovery (Doc. 15), averring that *pro se* plaintiff has not timely responded to interrogatories or a request for production of documents, which were received by September 1, 2006 (see Doc. 15 ¶ 4; Doc. 20, Ex. at 2),[1] see FED. R. CIV. P. 33(b) (requiring answers and any objections "within 30 days after the service of the interrogatories"); id. 34(b) ("The party upon whom the request [for production of documents] is served shall serve a written response within 30 days after the service of the request."), and it appearing that the court did not previously issue an order compelling plaintiff to respond to defendants' discovery requests,[2] see id. 37(a)(2)(B) (providing that if a

---

[1] Defendants attempted to serve plaintiff with interrogatories and request for production of documents on July 24, 2006. (See Doc. 15 ¶ 1.)

[2] After defendants submitted the motion to compel (Doc. 15), the court directed defendants to file supplemental information, i.e., proof of service of the discovery requests. (See Doc. 17.) Defendants filed such proof with the motion for sanctions. (See Doc. 20, Ex. at 2.)

party fails to produce the requested documents, "the discovering party may move for an order compelling" the production of the documents); see also McMullen v. Bay Ship Mgmt., 335 F.3d 215, 217 (3d Cir. 2003) ("Generally, [Rule 37] requires the issuance of an order to compel and only after failure to comply with that order should a penalty be imposed.") it is hereby ORDERED that:

1. The motion to compel (Doc. 15) is GRANTED.

2. The motion for sanctions (Doc. 20) is DENIED.

3. On or before January 26, 2007, plaintiff shall respond to defendants' interrogatories and request for production of documents.  Failure to comply with this paragraph may result in the imposition of sanctions, including plaintiff being barred from offering testimony in the case or dismissal of the case.  See FED. R. CIV. P. 37, 41(b); see also L.R. 83.3.1.


   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge